IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1279-WJM-NRN

LIOR MASA, individually and as personal representative of N.M., a minor,
GALIT MASA, individually and as personal representative of N.M., a minor, and
KESEM MASA,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

Civil Action No. 22-cv-0044-WJM-NRN

GALIT MASA, individually and as personal representative of N.M., a minor, and
KESEM MASA,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL AND
ADDITIONAL TIME TO TRY THE CASE AND
PLAINTIFFS' SECOND MOTION FOR CONSOLIDATION**

---

Before the Court are the following motions and filings:

- Plaintiffs' Motion for Continuance of Trial and Additional Time to Try the Case ("Motion to Continue and Add Time") (ECF No. 91);

- Plaintiffs' Second Motion for Consolidation of 1:22-cv-0044-WJM-NRN

      and 1:20-cv-1279-WJM-NRN for Trial ("Second Motion to Consolidate") (ECF No. 92);

- Plaintiffs' Second Motion for Consolidation of 1:22-cv-0044-WJM-NRN and 1:20-cv-1279-WJM-NRN for Trial (ECF No. 40, 1:22-cv-0044); and

- Plaintiffs' Notice of Double Setting for Trial (ECF No. 39) (filed only in Civil Action No. 1:22-cv-0044-WJM-NRN).

For the following reasons, Plaintiffs' motions are denied.

## I. LEGAL STANDARDS

### A. Continue Trial

Whether to continue a trial is within the sound discretion of the trial court. *United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019). The Tenth Circuit has identified four factors that must be examined to determine whether a trial should be continued: (1) the diligence of the party requesting the continuance; (2) the likelihood that a continuance would accomplish the expressed purpose of the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court, if any, that would result from the continuance; and (4) the need asserted for the continuance and the harm that the movant might suffer as a result of a denial of the continuance. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990). "No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). However, the Tenth Circuit has explained that the fourth factor is the "most important factor." *Id.* at 1471.

### B. Consolidation

Federal Rule of Civil Procedure Rule 42(a) provides that "[i]f actions involving a

common question of law or fact are pending before the court, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Consolidation is within the discretion of the court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The movant bears the burden of showing that consolidation is warranted. *Viesti Assocs., Inc. v. McGraw–Hill Cos.*, 2012 U.S. Dist. LEXIS 60461, at *1 (D. Colo. May 1, 2012) (citing *Shump*, 574 F.2d at 1344). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

## II. ANALYSIS

### A. Motion to Continue and Add Time

On May 26, 2022, the Court set the breach of contract portion of this case, Civil Action No. 20-cv-1279-WJM-NRN, for a 5-day jury trial beginning on March 27, 2023. (ECF No. 83.) Here, Plaintiffs request a continuance of the breach of contract trial.

#### 1. Need for the Continuance and Potential Harm to Plaintiffs

The Court begins with the fourth, most important factor in the continuance analysis. In the Motion to Continue and Add Time, Plaintiffs explain that in the first quarter of 2023, Plaintiff Lior Masa's work requirements are particularly heavy, and he will be required to participate in multiple audits for his company. (ECF No. 91 at 3.) Further, Plaintiffs' counsel is counsel of record in a case set for oral argument before the Colorado Court of Appeals on March 28, 2023, and thus, she has a scheduling conflict; Plaintiffs' counsel states that she was advised of this oral argument date on

3

January 11, 2023.  (*Id.*)

Plaintiffs knew that this case was set for trial in March 2023 almost a year in advance, and Mr. Masa's busy work schedule does not constitute substantial good cause to continue the trial.  As Defendant points out in its response, Plaintiffs do not argue that Mr. Masa cannot appear at trial, and if necessary, he can be subpoenaed to appear for trial without fearing retaliation by his employer. (ECF No. 94 at 3.)  Further, there is no explanation of the prejudice Mr. Masa would suffer if he appeared at trial, and regardless, he has had several months to make arrangements at work that would mitigate the burden sustained in his absence.

Additionally, WJM Revised Practice Standard II.D.3 advises parties that "Due to the extraordinary disruption to the Court's calendar caused by the rescheduling of trials, motions for continuance of a trial date (jury or bench) are heavily discouraged and will rarely be granted.  Such motions will be denied absent a showing of substantial good cause arising out of truly compelling circumstances.  For purposes of this Practice Standard, 'substantial good cause' does not include previously scheduled trial settings unless that trial is before a judicial officer of this Court."  This Revised Practice Standard has been available to Plaintiffs' counsel since the inception of this case.  As such, Plaintiffs' counsel's oral argument before a state court—set long after the trial in this case was set—does not constitute substantial good cause to continue the trial.  This factor weighs in favor of denying the continuance.

2. <u>Diligence of the Party Requesting the Continuance</u>

The Court finds that Plaintiffs have not demonstrated diligence in requesting this continuance.  As noted above, Mr. Masa has had months to attempt to obtain accommodations at his workplace.  And while Plaintiffs moved for the continuance

4

shortly after Plaintiffs' counsel became aware of her oral argument in state court, such a scheduling conflict does not constitute substantial good cause under the undersigned's Revised Practice Standards.  This factor weighs in favor of denying the continuance.

      3.     <u>The Likelihood That a Continuance Would Accomplish the Expressed Purpose of the Continuance</u>

It is unclear whether the continuance would accomplish its expressed purpose. Mr. Masa likely cannot guarantee that his workload would permit him to attend trial—whenever the Court might reset it.  Similarly, Plaintiffs' counsel cannot guarantee that she would not encounter another scheduling conflict before another court.  While rescheduling the breach of contract trial might be more convenient for Plaintiffs at this time, it is not necessarily likely that doing so would accomplish the purpose of the continuance.  This factor weighs in favor of denying the continuance.

      4.     <u>Inconvenience to the Opposing Party, Its Witnesses, and the Court, If Any, That Would Result from the Continuance</u>

In its response, Defendant states that it has already scheduled its experts to appear for trial the week of March 27, 2023, and a continuance would require rescheduling their testimony.  (ECF No. 94 at 6.)  Moreover, Defendant argues it could suffer prejudice by additional prejudgment interest accruing if the jury awards damages to Plaintiffs.  (*Id.*)  The Court's calendar remains very busy, and continuing a week-long jury trial that has been set for nearly a year would certainly be an inconvenience.  This factor weighs in favor of denying the continuance.

On balance, all of the factors weigh in favor of denying the continuance. Therefore, the Court denies that portion of the motion requesting a continuance of the breach of contract trial.

    5.  Request for Additional Trial Time

  Additionally, Plaintiffs request that the Court add two to three additional days of trial time—two days if the Court does not consolidate the cases, three if it does. (ECF No. 91 at 10.) For support, they explain that there are four plaintiffs in this case, testimony regarding medical treatment and bills (including expert testimony), testimony concerning non-economic damages, among other issues. (*Id.* at 3–10.) Plaintiffs assume that because Defendant's depositions of Plaintiffs Lior and Galit Masa were lengthy, "it must be assumed that Defendant will engage in lengthy cross-examinations of each witness." (*Id.* at 8 n.2.) Plaintiffs state that the original setting of this trial was six days, but it was reduced to five, which they claim is insufficient time to try their case.

  Plaintiffs fail to acknowledge, however, that the Court reduced the number of trial days (ECF No. 83) after the bad faith claims were dismissed due to Plaintiffs' failure to timely amend their complaint (ECF No. 75) and after the Court ruled that it would not consolidate the two related cases (ECF No. 81). Following those events, Plaintiffs unsuccessfully moved to add time to the trial. (ECF No. 86.)

  Given that both parties have known for nearly a year that this case was set for a 5-day jury trial in March 2023, the Court finds that Plaintiffs have failed to demonstrate good cause to add time to the trial and denies Plaintiffs' request to do so.

**B.** **Second Motion to Consolidate**

  As an initial matter, Plaintiffs frame the issue of consolidation as one of "bifurcation." However, the Court did not bifurcate the breach of contract and bad faith claims, trials, or cases; rather, the existence of two cases is a result of Plaintiffs' failure to timely move to amend their complaint.

  The Court has already denied Plaintiffs' request to consolidate the two related

actions for lack of good cause shown. (ECF No. 81.) Therefore, as Defendant points out—accurately—what Plaintiffs actually seek is reconsideration of the Court's decision not to consolidate these cases. (ECF No. 95 at 1–2.)

In this Circuit, grounds warranting a motion to reconsider include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But Plaintiffs' Second Motion to Consolidate does not point to any error of law, new facts, or newly discovered evidence that would warrant revisiting the undersigned's earlier decision to deny consolidation.

There are other reasons not to consolidate these cases, all of which the Court will not reiterate here. One critical reason, however, is that consolidation would not necessarily promote judicial economy. Should the jury find that Defendant did not breach its contract with Plaintiffs, Plaintiffs' bad faith claims would also fail, resulting in the Court vacating the July 2023 trial. For all of these reasons, the Court declines, for a second time to consolidate these cases.

C.   **Plaintiffs' Notice of Double Setting for Trial**

Plaintiffs filed a notice, not a motion to continue the trial, so there is no relief the Court can grant. Nonetheless, to the extent the notice is a veiled motion to continue the July 2023 trial, Plaintiffs' counsel's explanation that she is scheduled for an 8-day jury trial in Arapahoe County District Court beginning July 10, 2023 through July 19, 2023 (ECF No. 39) is not substantial good cause for moving the trial set for July 17, 2023

through July 21, 2023 in Civil Action No. 22-cv-0044-WJM-NRN.[1]  See WJM Revised Practice Standard II.D.3.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1.Plaintiffs' Motion for Continuance of Trial and Additional Time to Try the Case (ECF No. 91) is DENIED; and

2.Plaintiffs' Second Motion for Consolidation of 1:22-cv-0044-WJM-NRN and 1:20-cv-1279-WJM-NRN for Trial (ECF No. 92) is DENIED;

3.Plaintiffs' Second Motion for Consolidation of 1:22-cv-0044-WJM-NRN and 1:20-cv-1279-WJM-NRN for Trial (ECF No. 40, 1:22-cv-0044) is DENIED; and

4.Both jury trials and their related deadlines REMAIN AS SET.

Dated this 31st day of January, 2023.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] This is particularly true in light of the fact that Plaintiffs' counsel has known about her trial in Arapahoe County District Court since October 4, 2022.  (ECF No. 91 at 2 n.1.)  Her failure to file this notice until January 23, 2023 does not demonstrate diligence.